IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RACHEL KLEIMAN DASILVA,<br><br>    Plaintiff,<br><br>v.<br><br>EDUCATION AFFILIATES, INC., *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-00541-CCB |

**ANSWER TO COMPLAINT**

    Defendants, Education Affiliates, Inc. ("Education Affiliates") and Allstate Career, Inc. ("Allstate Career") (jointly referred to herein as "Defendants"), by and through their undersigned counsel, hereby answer the Complaint and Demand for Trial by Jury (the "Complaint") filed by Plaintiff, Rachel Kleiman Dasilva ("Dasilva" or "Plaintiff").

    Defendants generally deny liability as to all counts, claims and averments. Further, in response to the specific allegations, claims, and prayers for relief contained in the Complaint, Defendants state as follows:

    1.    Defendants admit that until September 2012, Plaintiff held the position of Program Director for Esthetics at the Fortis Institute, which is the trade name for the school operated by Defendants. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1 of the Complaint, with regard to Plaintiff's citizenship or place of residence at all relevant times.

    2.    Defendants admit the allegations in Paragraph 2 of the Complaint.

    3.    Defendants admit the allegations in Paragraph 3 of the Complaint.

    4.    Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint sets forth legal conclusions concerning subject matter jurisdiction to which no response is required. Were Defendants to respond, they would deny the allegations in this Paragraph related to jurisdiction. Defendants also deny that they engaged in any violation of the Family Medical Leave Act ("FMLA"), let alone a "willful" violation.

6. Defendants admit that Plaintiff was employed as Program Director for Esthetics at the Fortis Institute beginning in 2009, and that the Fortis Institute is located at 6901 Security Boulevard, Baltimore, Maryland 21244. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 6 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint are so vague that Defendants are unable to respond. Specifically, Defendants cannot discern what is meant by "training courses" or who is meant by "Respondents." To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, which concern the "training courses" Plaintiff completed.

9. Defendants admit that Anthony daRosa ("daRosa") served, during the period relevant to this lawsuit, as president at the Fortis Institute campus at which Plaintiff worked. Defendants deny any remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and thus deny the allegations.

11. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint, and thus deny the allegations.

12. Defendants deny that they engaged in any illegal activities, or that daRosa "encouraged and continued" any illegal activities at Education Affiliates or Allstate Career. Defendants are without sufficient knowledge of information to admit or deny the remaining allegations in Paragraph 12 of the Complaint, and thus deny the allegations.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint, and thus deny the allegations.

20. Defendants admit, on information and belief, that Plaintiff had been confronted with her own misconduct and wrongdoing before she ever requested leave under the FMLA and before Defendants had any knowledge that Plaintiff would be using such leave. Plaintiff attempted to abort her likely pre-FMLA termination by seeking leave under the FMLA. Upon Plaintiff's return from leave under the FMLA, Defendants simply continued the conversation which had begun prior to Plaintiff's leave, and presented facts and evidence that several customers had complained that they had paid Plaintiff in cash for merchandise that they had never received, as well as evidence that Plaintiff had been paid for attending a field trip with students, after Plaintiff had caused Defendants to believe she had attended this trip, but which she in fact had not attended. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff was terminated after she returned from leave and after Defendants had an opportunity to finish a disciplinary meeting that had begun before Plaintiff sought or made known any need for FMLA. Plaintiff had simply attempted to forestall her termination for her own wrongdoing and misconduct by seeking leave. Defendants deny any remaining allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. To the extent Plaintiff may be setting forth legal conclusions in Paragraph 24 of the Complaint, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24 of the Complaint.

To the extent Plaintiff's prayer for relief contains any factual allegations, Defendants deny them. Defendants specifically deny that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Defendants generally deny liability for the claims made by Plaintiff in the Complaint.

3. All employment actions taken were based on, and because of, completely legitimate reasons, including her failure to comply with Defendants' policies and procedures. Plaintiff was not retaliated against in any respect because she took leave under the FMLA.

4. The claims asserted in the Complaint are barred, in whole or in part, because for completely legitimate reasons, the challenged actions would have been taken in any case.

5. Plaintiff's claims and request for relief are barred because the conduct alleged in the Complaint is contrary to Defendants' good faith efforts to comply with the law, including the FMLA.

6. The FMLA claim asserted in the Complaint is barred because Plaintiff, in fact, took the full amount of leave she requested pursuant to the FMLA.

7. The injuries allegedly sustained by Plaintiff were caused by the sole, concurring, and/or contributory negligence and wrongdoing of Plaintiff.

8. The FMLA claim asserted in the Complaint is barred, in whole or in part, by the statute of limitations.

9. Plaintiff's claim and the relief sought are barred, in whole or in part, because Defendants took no action against Plaintiff in willful violation of any law.

10. Plaintiff's claim and the relief sought are barred, in whole or in part, because Defendants at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

11. To the extent, if any, that Plaintiff has suffered any damages or losses, such damages or losses were the result of, and caused by, Plaintiff's own conduct or omissions.

12. Plaintiff was an at-will employee, subject to discharge at any time and for any reason.

13. The FMLA claim asserted in the Complaint is barred, in whole or in part, by Plaintiff's breach of the duties and obligations that she owed to Defendants, namely, to perform as expected and in accordance with Defendants' expectations, practices and procedures.

14. Plaintiff's claims for damages are barred by Plaintiff's failure to mitigate her damages.

15.     Plaintiff's claims for relief are barred to the extent that Plaintiff seeks damages in excess of the limits imposed by applicable law.

16.     Defendants deny any allegation not specifically admitted herein.

## RESPONSE TO REQUEST FOR A JURY TRIAL

Defendants object to Plaintiff's prayer for a jury trial with respect to any claim, issue or element of relief to which Plaintiff is not entitled to a jury trial as a matter of right.

## RESERVATION OF RIGHTS

Defendants intend to rely on such other defenses that may become available or apparent during the course of discovery in this matter. Defendants expressly reserve the right to amend this Answer to assert different or additional defenses or to otherwise amend any of its denials or averments.

WHEREFORE, having fully responded to the Complaint, Defendants respectfully request that the Court dismiss Plaintiff's claim with prejudice, award Defendants their costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  March 24, 2015                     \_\_/s/_____
Richard Hafets (Bar No. 131)
Jennifer L. Curry (Bar No. 29038)
JACKSON LEWIS, P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
(410) 415-2000 – Telephone
(410) 415-2001 – Facsimile
richard.hafets@jacksonlewis.com
jennifer.curry@jacksonlewis.com

*Counsel for Defendants,*
*Education Affiliates, Inc. and Allstate Career, Inc.*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of March 2015, a copy of the foregoing Answer to Complaint filed on behalf of Defendants, Education Affiliates, Inc. and Allstate Career, Inc., was served via ECF delivery to:

>Harry M. Rifkin
>Law Offices of Harry M. Rifkin, LLC
>300 Reisterstown Road, Suite 105
>Baltimore, Maryland 21208
>hrifkin@rifkinlaw.net
>
>*Counsel for Plaintiff,*
>*Rachel Kleiman Dasilva*

    \_\_/s/_____
    Jennifer L. Curry (29038)

4818-1985-4626, v. 2